UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RASHAD AHMAD REFAAT EL BADRAWI | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 07-cv-1074 (JCH) |
| | : | |
| DEPARTMENT OF HOMELAND SECURITY, ET AL., | : | JULY 13, 2009 |
| Defendants. | : | |

**MODIFICATION OF PROTECTIVE ORDER (DOC. NO. 139)**

On May 1, 2009, the court entered a Protective Order (Doc. No. 139). The court modifies and supplements that Order as follows:

Information responsive to the plaintiff's discovery demands has been identified by the United States (the "government") as sensitive and confidential law enforcement information regarding the policies, methods, techniques, procedures, guidelines, and intelligence of certain federal law enforcement agencies. In order to protect against the disclosure of this information, while at the same time observing the requirements of Rule 26 of the Federal Rules of Civil Procedure, and to permit the parties to discover and, if otherwise admissible, make reasonable use in this litigation of information relevant to each party's claims and defenses, it is hereby ORDERED as follows:

1. Documents detailing the policies, methods, techniques, procedures, guidelines, and intelligence of law enforcement agencies and operations may be designated by the government as sensitive and confidential. Documents so designated and the information contained therein shall be referred to as the "Protected Documents" or the "Protected Information."

2.  Such Protected Documents as well as related deposition testimony will be deemed "highly confidential" for purposes of this litigation.

3.  The government shall designate the documents that fall under the category of Protected Documents covered by this Order by marking each page of such document "HIGHLY CONFIDENTIAL—SUBJECT TO ATTORNEYS-ONLY PROTECTIVE ORDER."  The government shall designate the parts of any deposition transcript that fall under the category of Protected Information covered by this Order by providing counsel for plaintiff with a list of designated lines from any deposition transcript containing Protected Information.  Such designations shall be made by the government within seven days of the transcript's completion.  Prior to the transcript's completion, the government may provide written notice that the subject matter of the deposition involves Protected Information, in which event no disclosure regarding the deposition's subject matter may be made until after the time for the government's service of written designations as provided herein has elapsed.  The government may provide advance written notice that the subject matter of the deposition is expected to involve Protected Information, in which event no person other than the witness, the court reporter, and the attorneys of record for the parties herein may be present during the deposition, absent the written consent of the government's counsel of record or an order of the court.

4.  Disclosure of the Protected Documents and Information shall be subject to the following conditions:

   a.  <u>Disclosure to Plaintiff's Counsel Only</u>.  The attorneys of record for the plaintiff in this action ("Plaintiff's Counsel") may be permitted to obtain copies of the Protected Documents covered by this Order.  However, plaintiff, his employees,

independent contractors, and agents (except Plaintiff's Counsel) are not permitted to see or obtain originals or copies of the Protected Documents or Information.  Plaintiff's Counsel shall use the Protected Documents and Information solely for the purposes of this litigation and no other.

      b.  <u>Limitation on Further Disclosure</u>.  Plaintiff's Counsel shall not make any disclosure of the Protected Documents or Protected Information, including the contents thereof or any information derived from the Protected Documents or Protected Information, except as allowed by this Order.  Plaintiff's Counsel are specifically prohibited from making any disclosure of the Protected Information or the Protected Documents, including the contents thereof or any information derived from the Protected Documents, to their client in this matter absent further order of the court.

      c.  <u>Procedure for Removing Protected Status</u>.  Should Plaintiff's Counsel wish to disclose Protected Information or Protected Documents covered by this Order to any person, including the plaintiff, Plaintiff's Counsel shall first seek consent from the government's counsel of record herein.  If the government does not consent to the disclosure, then Plaintiff's Counsel may seek relief from the court.  Plaintiff's Counsel shall make no disclosure of Protected Information or Protected Documents without the written consent of the government's counsel of record herein or judicial authorization.

      d.  <u>Limitation on Copies</u>.  No paper or electronic copies shall be made of any Protected Document disclosed to Plaintiff's Counsel pursuant to this Order without further application to, and order by, the court, or written consent of the government's counsel of record, except as provided in section (j) below.

e. <u>Applicability of Order to Other Persons</u>.  No person to whom disclosure of Protected Documents or Information is made pursuant to this Order (or the contents thereof) shall make disclosure of such matters to any other person unless: (1) the person seeking to disclose the Protected Documents or Information has received the written consent of the government's counsel of record or judicial authorization as set forth in section (c), <u>supra</u>; and (2) the disclosure is reasonably and in good faith calculated to aid in the preparation or prosecution of this specific legal action and no other.  Plaintiff's Counsel shall ensure that any other person to whom disclosure may be made pursuant to this Order shall, prior to such disclosure, have read, understood, and acknowledged in writing his or her agreement to be bound by this Order as follows:

**I, _____, declare under penalty of perjury that I have read and understand the terms of this Order issued by the United States District Court for the District of Connecticut on July 6, 2009.  I understand that this Order remains in effect during and after conclusion of this litigation, and I agree to be bound by it.  I understand that I may be subject to penalties for contempt of court if I violate this Order. Dated: _____     _____**

This written requirement applies, but is not limited, to law student interns, paralegals, secretaries, expert witnesses, and other individuals and entities who may be employed or retained by Plaintiff's Counsel to assist in the preparation and/or prosecution of this specific legal action.  Plaintiff's Counsel shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal, and shall produce such written statements to the court for

inspection, upon order of the court.

      f. <u>Storage of Protected Documents</u>. The Protected Documents and Protected Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as plaintiff, unauthorized employees of counsel, cleaning personnel, etc.) could have an opportunity to read them.

      g. <u>Limitations on Non-Litigation Use of Information</u>.  The sole purpose for which the Protected Documents and Information are being disclosed to Plaintiff's Counsel is to allow Plaintiff's Counsel to prepare and litigate this specific legal action, and no other.  Plaintiff's Counsel may not use such Protected Information or Protected Documents (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  Plaintiff's Counsel are specifically prohibited from placing any of the Protected Information or Protected Documents (or the contents thereof) on the internet.

      h. <u>Testimony regarding Protected Information or Protected Documents</u>. To the extent that Protected Documents or Information may be identified or referred to in depositions in this case, the court reporter transcribing the deposition shall sign a statement as set forth in section 4(e).  Any questions intended to elicit testimony regarding the contents of the Protected Documents or Protected Information shall be conducted only in the presence of persons authorized to review the Protected Documents as provided in this Order.  Except as provided in section 4 above, any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions as the Protected Documents themselves.

i. <u>Return of Information</u>.  Upon conclusion of this specific legal action (including any appeal), all copies of documents, records, and other information released under this Order, with the exception of exhibits entered into evidence, shall be returned to the government's counsel within a reasonable period, not to exceed sixty days from the conclusion of the action.  Upon conclusion of this specific legal action (including any appeal) copies of all logs of persons authorized to review the Protected Documents and the written statements acknowledging the terms and provisions of this Order pursuant to section 4(e) of this Order must be provided to the government's counsel within a reasonable period, not to exceed sixty days from the conclusion of the action.

j. <u>Filing Under Seal</u>.  Any filing of Protected Documents or parts of deposition transcripts covered by this Order, and any filing that reveals Protected Information or the contents of Protected Documents, shall be accompanied by a motion to seal.  The Local Rules concerning the filing of sealed documents apply.

k. <u>No Waiver of Objections</u>.  Nothing in this Order constitutes any decision by the court concerning any claim of right or privilege or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony, or other information that is subject to this Order.  Nor does the government waive any privileges, including, but not limited to, the law enforcement or investigatory files privilege, by entering into this Order.

l. <u>Continuation of Obligation</u>.  Neither the termination of this litigation, nor the termination of the employment, engagement, or agency of any person who had

access to any Protected Information or Protected Documents shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of the Protected Information or Protected Documents.

    m.  <u>Continued Jurisdiction of Court</u>.  The Court shall retain jurisdiction to enforce the terms of this Order.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 13th day of July, 2009.

        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge