UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RASHAD AHMAD REFAAT EL BADRAWI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-01074-JCH |
| ) | |
| **DEPARTMENT OF HOMELAND** ) | |
| **SECURITY, ET AL.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 24, 2009 RULING (DOC. NO 164)**

**I.     INTRODUCTION**

The United States respectfully submits this Memorandum in support of its Motion for Reconsideration of the Court's July 24, 2009 Ruling Re: Plaintiff's Motion to Compel (Doc. No 107).[1]  That Ruling granted in part the plaintiff's motion and ordered the government to produce redacted versions of documents that relate to the plaintiff found in the National Crime Information Center (NCIC) database.  The United States objected to releasing information from one of the FBI's most sensitive law enforcement databases because it was not relevant to the plaintiff's claims and is in any event exempt from disclosure under the law enforcement privilege.  The Court ruled that the information is relevant, and although the government met the

---

[1] D. Conn. L. Civ. R. 7(c) requires that the memorandum accompanying a motion for reconsideration set "forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."  In this case it was not clear from the Ruling if the Court considered the government's proposal to stipulate to the information found in Exhibit 1.  In addition, the United States requests the Court to consider whether the documents at issue contain any information relevant to the claims and defenses of this case beyond what the plaintiff already possesses.

threshold requirements for demonstrating that the documents are privileged, the importance to the public interest of releasing these documents outweighs the law enforcement and national security interests disfavoring disclosure for the majority of the information. (Doc. 164, p.15-6).

Given the important government interests at stake, the United States requests the Court reconsider this balancing to determine if there is any need for the documents in light of the information already in the plaintiff's possession. Specifically, the plaintiff obtained a Form I-213 Record of Deportable Alien, signed by Immigration and Customs Enforcement ("ICE") Agent Michael Loser that states that the plaintiff "is listed in NCIC under NIC#T560054935 as a possible terrorist member." (Doc. 107, p.5). Although in its ruling the Court agreed with the plaintiff's argument that "the NCIC records are relevant because they may contain information establishing that government officials believed El Badrawi was a national security threat, or information relating to an improper investigation of El Badrawi after he agreed to voluntary departure," (Doc. 164, p.6), the Form I-213 provides the plaintiff with the evidence he seeks as to government officials' alleged state of mind. As for the related concerns that the NCIC records "may corroborate or help prove that El Badrawi's detention was prolonged for impermissible reasons," *id*., and that the plaintiff should not have to rely on the government's "assurances that the documents do not contain the information sought," *id*. at 7, the Court has reviewed *in camera* and *ex parte* the documents at issue along with the classified Cummings declaration and can confirm that the documents do not contain any information related to the plaintiff's investigation, arrest, or detention on immigration charges.

As an alternative, the United States respectfully requests the Court consider the solution to this issue proposed by the government in its May 13, 2009 letter to the Court. Exhibit 1. This letter was served on the plaintiff's counsel and submitted to the Court with the documents at

issue and the classified Cummings declaration. Under this proposal, the United States would stipulate that: "1) federal records contained information that El Badrawi was a possible terrorist organization member; and 2) some employees at ICE and the Connecticut Department of Corrections had access to this information." *Id.* In addition, the United States would agree to allow federal and state employee witnesses to be questioned about whether and when they had access to, became aware of, or relied on such information. *Id.* However, the United States would not disclose the law enforcement sensitive Violent Gang and Terrorist Organization File (VGTOF) files, nor stipulate what information came from those files. This proposal would provide the plaintiff with the information the Court has deemed relevant and necessary to the plaintiff's case, while also protecting sensitive FBI information. In addition, it would obviate the need for dealing with this sensitive information for the remainder of this case.

## II.  BACKGROUND

Following briefing, argument, and an *ex parte* and *in camera* review of both the documents sought by the plaintiff and a classified declaration provided by the FBI in support of its opposition, on July 24, 2009, this Court granted in substantial part the plaintiff's Motion to Compel. The Court ruled that the 2004 NCIC printouts and the current NCIC entry, if any, could be relevant to the plaintiff's abuse of process claim because an official belief that the plaintiff was a possible national security threat could explain why he was detained for 42 days after agreeing to voluntary departure. (Doc. 164, pp. 5-6). The Court found that these documents could also be relevant to the due process claim against the state defendants because information indicating the plaintiff was a possible terrorist may have affected how he was treated. *Id.* at 7-8. The Court then held that the government met the threshold requirements for asserting the law enforcement privilege, but that the public interest in disclosing information that may be relevant

to a civil rights lawsuit outweighs the potential harm to law enforcement that might result from disclosure. *Id.* at 11-15. Finally, the Court ruled that a portion of the documents could be redacted because of the potential harm to law enforcement. *Id.* at 15.

### III. ARGUMENT

**A. The Court Should Not Require the Production of Sensitive Law Enforcement Information that Contains No Relevant Information Beyond What the Plaintiff Already Possesses**

In balancing the interests in favor of, and against disclosure in this case, the Court relied heavily on *King v. Conde*, 121 F.R.D. 180, 194-96 (E.D.N.Y. 1988), in which Judge Weinstein also found that the "dominant interest" was the public policy underlying the federal civil rights laws. However, Judge Weinstein noted that a number of other courts have considered the plaintiff's need for the information, including the availability of the information from alternative sources as the most important factor. *Id*.at 194 *citing* (*Crawford v. Dominic*, 469 D.Supp., 260, 263 (E.D.Pa 1979); *Culp v. Devlin*, 78 F.R.D. 136, 139-41 (E.D.Pa. 1978); *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984)). This factor is critical to the case at issue because the plaintiff already has a government record that states that he "is listed in NCIC under NIC#T560054935 as a possible terrorist member." (Doc. 107, p.5). *See United States v. Reynolds*, 345 U.S. 1, 11 (1953) ("Necessity was greatly minimized by an available alternative.").[2] Whether this record is accurate and whether this information came from the

---

[2] During oral argument the Court raised the issue of potential hearsay objections to this document. However, it does not appear that the plaintiff is attempting to offer this document for the truth of the matter asserted, but instead to demonstrate federal and state employees' knowledge of this information. *See* Fed. R. Evid. 801(c) and 803(3); *see also* Fed. R. Evid. 801(d)(2). The relevant issue, under the plaintiff's theory of the case, is not whether he actually was a national security threat, but instead whether government officials believed that and acted improperly based on that belief. In addition, the government's offer to stipulate, as indicated in the next section, would obviate hearsay or quality of the evidence concerns.

VGTOF is not at issue in this case.  What the Court has found to be at issue is whether federal and state officials were improperly motivated in their treatment of the plaintiff by the belief that he was associated with a terrorist organization.  There is no need to produce the NCIC printouts because the plaintiff already has a document indicating that officials may have believed he was a possible terrorist organization member.

The plaintiff has also speculated that the records at issue might contain "information relating to an improper investigation of El Badrawi after he agreed to voluntary departure."  In its Ruling, the Court relies on the general rule that "a party seeking discovery of relevant, nonprivileged documents need not rely on an opposing party's assurance that the documents in question do not contain the information sought."  (Doc. 164, p.7).  Here, however, the Court has recognized the sensitivity of the documents at issue and, moreover, the Court was provided the documents and an *in camera* declaration which addressed the plaintiff's speculation.  *See* classified Cummings Declaration, para. 14.  Thus, the general discovery rule upon which the Court relies is inapposite.  *See MacNamara v. City of New York*, 249 F.R.D. 70, 88-90 (S.D.N.Y. 2008) (court upheld the assertion of law enforcement privilege for some documents after an *in camera* review found "severely limited relevance" or no relevance to the claims or defenses in the case).  Therefore, since the records at issue, which the Court has already determined meet the threshold requirements of law enforcement privilege, contain no information relevant to the claims and defenses beyond which the plaintiff already possesses, the Court should not require production.

**B.  The Alternative Proposed by the United States Provides the Information Sought by the Plaintiff Without Revealing Sensitive Law Enforcement and National Security Information**

In addition, the United States respectfully requests the Court consider the alternate solution to this issue proposed by the government on May 13, 2009 in its letter attached to the classified declaration submitted to the Court for *in camera*, *ex parte* review.  Exhibit 1.  The Court did not mention this letter or address the government's proposal in its Ruling.  Under this proposal, the United States would stipulate that: "1) federal records contained information that El Badrawi was a possible terrorist organization member; and 2) some employees at ICE and the Connecticut Department of Corrections had access to this information." *Id.*  In addition, the United States would agree to allow witnesses to be questioned about whether and when they had access to, became aware of, or relied on this information.  *Id.*  However, the United States would not disclose the law enforcement sensitive VGTOF files, nor stipulate what information came from those files.  *Id.*  This proposal would provide the plaintiff with the information the Court has deemed relevant, while also protecting sensitive FBI information.

In *United States v. Reynolds*, 345 U.S. 1 (1953), a case concerning a discovery dispute involving military secrets, the Court found that there was "an available alternative, which might have given respondents the evidence to make out their case without forcing a showdown on the claim of privilege." *Id*. at 11.  In that case, the Court approved of the government offering access to witnesses concerning issues of causation, without resorting to materials related to military secrets.  *Id*.  In the case at issue, the United States is willing to stipulate to the information that the plaintiff believes is relevant, and allow witnesses to discuss the information without discussing the potential sources of that information.

In addition to providing the information sought by the plaintiff, this alternative provides a number of advantages to the parties and the Court. *See Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005) ("The district court has broad discretion to manage pre-trial discovery.")  First, the proposed stipulation would be a matter of public record in this litigation, as opposed to the VGTOF documents which would be limited by the protective order to attorneys only and would require the sealing of any motion, pleading, or transcript that refers to these documents. Likewise, the stipulation would prevent the closing of the courtroom during discussions of this issue, and other potential issues involving jurors should the 42 U.S.C. § 1983 claim go to trial. Finally, the proposed stipulation would potentially resolve other ongoing discovery disputes concerning documents controlled by other government agencies, which may have redacted information as to whether the plaintiff was listed as a terrorism suspect.  In light of the serious concerns that the United States has expressed concerning the disclosure of records, the government urges the Court to accept the stipulation in lieu of requiring production of the records.

## IV.     CONCLUSION

For all of the foregoing reasons, the United States respectfully requests this Court reconsider it July 24, 2009 Ruling.  The United States requests the Court to consider whether the documents at issue contain any information relevant to the claims and defenses of this case beyond what the plaintiff already possesses.  In addition, the United States asks that the Court consider its proposal to stipulate to the relevant information.

August 10, 2009                              Respectfully submitted,

                                               Tony West
                                               Assistant Attorney General

                                               Timothy P. Garren
                                               Director, Torts Branch

                                               Richard Montague
                                               Senior Trial Counsel


                                               /s/ Edward J. Martin
                                               Edward J. Martin, Federal Bar No. phv03440
                                               Brant S. Levine
                                               Trial Attorneys

                                               United States Department of Justice, Torts Branch
                                               P.O. Box 7146, Ben Franklin Station
                                               Washington, D.C. 20044
                                               Tel: 202-616-1024
                                               Fax: 202-616-4314
                                               Edward.Martin2@usdoj.gov

                                               Attorneys for the United States of America.