UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAD AHMAD REFAAT EL BADRAWI, : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 07-cv-1074 (JCH) |
| : | |
| DEPARTMENT OF HOMELAND : | |
| SECURITY, ET AL., : | SEPTEMBER 4, 2009 |
|     Defendants. : | |

**RULING RE: MOTION FOR RECONSIDERATION (DOC. NO. 167)**

**I.    INTRODUCTION**[1]

On February 9, 2009, plaintiff Rashad Ahmad Refaat El Badrawi moved to compel the production of certain documents from defendants Charles Lee, Warden, Hartford Correctional Center, and the United States of America (the "government"). See Motion to Compel (Doc. No. 107).  Both Warden Lee and the government objected.  See Defendants' Opposition to Plaintiff's Motion to Compel (Doc. Nos. 112, 118).  On April 30, 2009, the court heard argument on the Motion to Compel.  See Minute Entry (Doc. No. 137).  Following argument, the court reviewed, ex parte and in camera, the documents sought by El Badrawi.

On July 24, 2009, the court granted El Badrawi's Motion in part and ordered the government to disclose redacted documents by August 10, 2009.  See Ruling Re: Motion to Compel (Doc. No. 164).  On August 10, 2009, the government moved the court to reconsider its Ruling.  For the reasons stated herein, the government's Motion for Reconsideration (Doc. No. 167) is denied.

---

[1] The court assumes familiarity with the basic facts of this case, which were set out in detail in the court's Ruling Re: Defendants' Motions to Dismiss or for Summary Judgment (Doc. No. 82).

1

**II.     STANDARD OF REVIEW**

The standard for a motion to reconsider is strict. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion should not be granted where the moving party seeks solely to relitigate an issue already decided. Id. A motion to reconsider is proper, however, when the moving party can point to controlling decisions or data that the court overlooked. Id.

**III.    DISCUSSION**

In its Motion, the government advances two arguments: (1) the court should not require the production of sensitive law enforcement information that contains no relevant information beyond what the plaintiff already possesses; and (2) rather than ordering the production of documents, the court should enforce a proposal made by the government under which the government would, inter alia, stipulate that federal records contained information that El Badrawi was a possible terrorist organization member and that some employees at ICE and the Connecticut Department of Corrections had access to this information. See Memorandum in Support of Motion for Reconsideration ("Mem. in Supp.") (Doc. No. 167-3).

In his Opposition to the government's Motion, El Badrawi argues that the Motion should be denied because it does not meet the strict standard for a motion for reconsideration; that is, that it points to no new law, new evidence, or a manifest injustice. See Memorandum in Opposition to Motion for Reconsideration ("Mem. in Opp.") at 2. The court agrees.

The government's first argument is that the documents at issue contain no

relevant information beyond what the plaintiff already possesses.  The government does not assert, however, that El Badrawi possesses any information now which he did not possess when the government filed its Opposition to the Motion to Compel.  As a result, the government could have made this argument in its Opposition.  It did not.  Consequently, this argument provides no basis for the court to reconsider its prior decision.  See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995) ("A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

The government's second argument is that the court should order El Badrawi to accept the government's proposed "alternate solution" to the discovery dispute rather than order the government to produce the documents to which El Badrawi is entitled.

In urging the court to follow this course of action, the government notes in its Motion for Reconsideration that, "the court did not mention [the letter in which the government's proposal was set forth] or address the government's proposal in its Ruling." Mem. in Supp. at 6.  The government is correct that the court did not address the proposed stipulation in the Ruling Re: Motion to Compel.  The government conveniently fails to mention, however, that the government itself did not address the proposed stipulation in its Opposition to El Badrawi's Motion.  See Opposition to Motion to Compel (Doc. No. 112).  Rather, it informed the court of the proposed stipulation in a cover letter to an ex parte declaration sent to the court's chambers on May 13, 2009.  Moreover, the government did not argue in the May 13, 2009 letter that the court should order El Badrawi to accept the government's proposal in lieu of compelling production.  The government merely stated that, although plaintiff's counsel would not agree to the

3

proposal, the government was "willing to proceed [with the proposal] as an alternative to disclosure of the VGTOF printouts."  See Letter, Exh. 1 to Motion for Reconsideration (Doc. No. 167-3).  Because the government could have raised the issue of its proposed stipulation in its Opposition to El Badrawi's Motion to Compel, but did not, the government's second argument provides no basis for reconsideration.[2]  See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

## IV. CONCLUSION

For the reasons stated herein, the defendants Motion for Reconsideration (Doc. No. 167) is **DENIED**.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 4th day of September, 2009.

       /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge

---

[2] It bears noting that, even if the government had expressly advocated for a court-ordered stipulation in lieu of production, the court would have rejected such argument.  The government's proposed stipulation is not of comparable quality to the information contained in the records the court ordered produced.