```
 1                   UNITED STATES DISTRICT COURT

 2                     DISTRICT OF CONNECTICUT

 3      _____
        RASHAD AHMAD REFAAT           )
 4      EL BADRAWI                    )
                       Plaintiff.     ) NO: 3:07cv1074(JCH)
 5                                    )
        vs.                           ) November 4, 2009
 6                                    ) 3:08 p.m.
        DEPARTMENT OF HOMELAND        )
 7      SECURITY, ET AL               )
                       Defendants.    )
 8      _____
                                        915 Lafayette Boulevard
 9                                      Bridgeport, Connecticut

10                     TELEPHONIC CONFERENCE

11
        B E F O R E:
12                     THE HONORABLE JANET C. HALL, U.S.D.J.

13      A P P E A R A N C E S:

14      For the Plaintiff   :      MICHAEL WISHNIE
                                   HOPE METCALF
15                                 DANIEL MULLKOFF
                                   STEPHEN POELLOT
16                                 GRANT MARTINEZ
                                   SAURABH SANGHVI
17                                 Yale Law School
                                   127 Wall Street
18                                 New Haven, CT  06511

19      For the Defendants  :      BRANT S. LEVINE
                                   DANIEL MEYERS
20                                 U.S. Department of
                                   Justice
21                                 P. O. Box 7146
                                   Washington, DC  20044

22

23                                 LISA E. PERKINS
                                   U.S. Attorney's Office
24                                 450 Main St. Room 328
                                   Hartford , CT 06103

25
```

1                                          MAURA MURPHY-OSBORNE
                                           Attorney General's Office
2                                          55 Elm Street
                                           Hartford , CT 06141
3

4      Court Reporter        :          Terri Fidanza, RPR

5      Proceedings recorded by mechanical stenography,
       transcript produced by computer.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1          THE COURT:  Good afternoon. This is Judge Hall
 2   speaking.  I apologize for keeping you waiting.  A
 3   criminal matter took longer than I expected.  Obviously
 4   your matter will keep the next criminal matter longer
 5   than they expect.  In any event, I hope I have counsel on
 6   the phone in the El Badrawi versus Department of Homeland
 7   Security, case number 307CV1074.  I'm expecting that
 8   counsel for Mr. Sufu Hasshim is also on the phone.  If I
 9   can have appearances, starting with the plaintiff
10   first.
11          MR. WISHNIE:  Good afternoon, Mike Wishnie for
12   plaintiff.  With me is Attorney Hope Metcalf and law
13   student interns Grant Martinez, Dan Mullkoff, Stephen
14   Poellot and Saurabh Sanghvi.  Mr. Martinez will take the
15   lead on today's call.
16          MR. LEVINE:  Brant Levine for the United States
17   and with me on the phone are Lisa Perkins, Assistant
18   United States Attorney and Daniel Meyers, counsel for
19   U.S. Immigration and Customs Enforcement.
20          MS. MURPHY-OSBORNE:  Maura Murphy-Osborne
21   representing the State of Connecticut defendants.
22          MR. BHANDARY-ALEXANDER:  James
23   Bhandary-Alexander representing Sufu Hasshim.
24          THE COURT:  Good afternoon.  I would like to
25   take up the witness question, Mr. Hasshim's objection
```

1    first that way his counsel won't have to remain on the

2    call through the other two issues that I hope to address

3    at this time.

4         Obviously I scheduled this before the plaintiff

5    responded in writing.  I don't really think it is

6    necessary.  There's not necessarily legal issues

7    involved.  It is really scope of discovery so I would

8    like to give the plaintiff first an opportunity to

9    respond to the objections that have been made by Attorney

10   Bhandary-Alexander on behalf of Mr. Hasshim.

11        MS. METCALF:  This is Hope Metcalf.  I believe

12   that Mr. Bhandary-Alexander may be able to speak to this

13   more fully but plaintiff has no particular position as to

14   the objections lodged with the court on behalf of

15   Mr. Hasshim.  My understanding that the witness has

16   largely fulfilled any request requirements pursuant to

17   the subpoena and may have been some error with respect to

18   objections before this court.

19        THE COURT:  All right.  The defendants

20   apparently made this request.  I don't know which

21   defendant, though.  I guess Mr. Bhandary-Alexander who

22   served this notice of deposition and request to

23   produce.

24        MS. MURPHY-OSBORNE:  That was the defendant

25   Department of Correction.

1              THE COURT:  So the state defendants?

2              MS. MURPHY-OSBORNE:  That's right.

3              THE COURT:  Has your client given a deposition

4      or produced documents?

5              MS. MURPHY-OSBORNE:  Yes, the client has done

6      both of those things.  Despite the objections that we put

7      in actually to our knowledge, completely complied.

8              THE COURT:  Then, Attorney Murphy-Osborne, I

9      need to ask you are there any issues that you would raise

10     in the given time, I suppose by a motion to compel or is

11     this discovery issue resolved?

12             MS. MURPHY-OSBORNE:  My understanding it is

13     resolved.

14             THE COURT:  Attorney Bhandary-Alexander, I

15     appreciate you being available.  If you like, you are

16     more than welcome to disconnect.  Hopefully you won't

17     disconnect all of us.  You had a motion to withdraw as

18     attorney.  I never know what to do with those.  I assume

19     you won't want to keep getting notices in the case.  I

20     think after I have terminated -- this isn't a pending

21     motion but I will reflect in the minute entry that I

22     addressed the objections, and they were moot at this

23     point.  I don't see any reason why I can't grant your

24     motion to withdraw.  Anybody object to my doing that at

25     that point?

```
 1              MS. MURPHY-OSBORNE:  No objection from the
 2    State.
 3              THE COURT:  How about, Attorney Levine?
 4              MR. LEVINE:  No objection, your Honor.
 5              MS. METCALF:  No objection from plaintiff, your
 6    Honor.
 7              THE COURT:  That's fine.  Does that take care of
 8    everything for Mr. Bhandary-Alexander?
 9              MR. BHANDARY-ALEXANDER:  It does.  I will try to
10    hang up without disconnecting everyone.
11              THE COURT:  Thank you.
12              Is everybody still here?
13              MS. METCALF:  Yes.
14              THE COURT:  What I would like, I have two
15    matters I think that I'm aware of on my horizon is one
16    relates to the plaintiff's request to alter the time with
17    respect to the service of discovery upon the federal
18    defendants in the beginning of October and the other has
19    to do with the issue that was raised by the plaintiff in
20    their reply memorandum having to do with a procedure that
21    they would request be invoked by the defendant -- the
22    federal defendants, the law enforcement privilege, while
23    I was inclined to the rule a certain way, the defendant
24    requested an opportunity to brief the issue which they
25    have done so I have reviewed that as well, then the
```

1       plaintiff I believe filed a reply which I have also

2       reviewed along with many of the cases on this issue.  I

3       have just a few questions.  I don't have them in a

4       particular order so I may bounce back and forth between

5       the plaintiff and defendant, federal defendant.  Attorney

6       Levine, the plaintiff claims that there have been

7       situations which you have asserted privilege like a law

8       enforcement privilege, then withdrawn it after the motion

9       to compel was filed.  Do you agree that's happened?

10              MR. LEVINE:  Yes, your Honor, that has

11      happened.

12              THE COURT:  So, in effect, you are asking me to

13      weigh the inconvenience to the agency head in doing the

14      things that are required by law to assert this privilege

15      before the responses are done, before the privilege is

16      asserted against the inconvenience of the plaintiff of

17      briefing and moving to compel and getting the judge's

18      attention on issues that may, in fact, become moot.  Is

19      that really what's in front of me right now?

20              MR. LEVINE:  Your Honor, I would say what we

21      have tried to do with plaintiff's motion is narrow them

22      down to the issues that are central to the disputes here.

23      So there's never been a motion to compel that's become

24      completely moot for certain documents, yes, we have

25      withdrawn our objection and sometime that's been in

1    response to more recent rulings of yours that resolve

2    some of the issues during the pendency of motions.

3            THE COURT:  Is it Mr. Martinez who is going to

4    address it for the plaintiff?

5            MR. MARTINEZ:  Yes.

6            THE COURT:  The defendant claims that he's

7    provided detail logs in one situation with respect to --

8    detail privilege logs with respect to 43 documents and

9    that the plaintiff after having received that only moved

10   as to 26.  First of all, is he correct about that?

11           MR. MARTINEZ:  I don't think we have actually

12   double checked those numbers exactly.

13           THE COURT:  All right so would it be fair to say

14   that you moved on fewer than what they claimed privilege

15   on?

16           MR. MARTINEZ:  Yes, that's fair to say.

17           THE COURT:  Has the defendant, I'm speaking now

18   of the federal defendant, provided a privilege log for

19   any privilege or work product?  We know he didn't do it

20   for work product but let's say privilege log timely for

21   any document that was withheld?

22           MR. LEVINE:  Yes, your Honor, we did.

23           THE COURT:  Does the plaintiff think he did?

24           MR. MARTINEZ:  I'm not sure I understand exactly

25   the question, your Honor.

1          THE COURT:  Let's say you served discovery and

2     the date to comply is March 1.  On March 1, Mr. Levine

3     said I have 200 documents to produce in response to your

4     request, and I want to know if on March 1, he also said

5     and I have a privilege log that lists 47 documents that

6     I'm withholding on various privileges that comply with

7     the local rule.  I don't mean he had to have said those

8     words but that's what happened.

9          MR. MARTINEZ:  I think at the beginning part of

10    the case, we would serve discovery requests and

11    especially with our second request for production after

12    an extension we received -- we received on the day that

13    we agreed that the government would reply to our

14    discovery requests.  We received zero documents and we

15    received one privilege log that only addressed two

16    documents, and the remaining privilege log that addressed

17    the documents responsive to that second request for

18    production, did not come until many months later.

19         THE COURT:  Attorney Levine, there seems to be a

20    disagreement about what happened in the case.

21         MR. LEVINE:  You addressed this issue

22    previously.  We were before the court earlier this

23    summer.  In Plaintiff's Second Request for Production,

24    they requested every single document in the government's

25    possession relating to the plaintiff.  We objected and

1    said that's overbroad and unduly burdensome to comply

2    with that.  At the hearing, you agreed that the hearing

3    was overbroad.  Your instructions to the plaintiff were

4    to identify specific documents that they wanted and after

5    they identified those specific documents, the United

6    States would produce those or produce a privilege log.

7        THE COURT:  Is it correct to say that on the

8    date that was due, response to that second request, that

9    you provided a response signed by counsel asserting those

10   privileges -- not privileges.  Asserting those

11   objections?

12       MR. LEVINE:  That's right, your Honor.  We did

13   serve timely objections to that.

14       THE COURT:  If I understand your memo correctly,

15   Attorney Levine, I read it to say to me that the head of

16   the agency whose privilege it is to assert, that is the

17   law enforcement privilege, has not actually told you to

18   assert the privilege as his counsel at the time that a

19   document may have been included on a privilege log or not

20   produced because of a privilege, is that correct?

21       MR. LEVINE:  That is correct.  We are relying on

22   people under the head of the agency who make the initial

23   determinations of that.  Then from there, we have been

24   asserting the privilege in a privilege log, conferring

25   with the plaintiff.  Then if they file a motion to

1    compel, getting the declaration from the appropriate

2    government official.

3         THE COURT:  Does the plaintiff agree that's how

4    it's been proceeding?

5         MR. MARTINEZ:  We don't have an idea of who they

6    are conferring with on their side to make that initial

7    decision.  In the initial stage making the decision to

8    object, we have no clue with whom they are conferring.

9    It could be the counsel for the agency.  We really don't

10   know.

11        THE COURT:  All right.

12        MR. WISHNIE:  It's Mike Wishnie, the

13   privilege -- what we're all calling privilege log in

14   our -- and they are so styled by defendants often do not

15   comply with the local rules in providing the details that

16   defendants are obligated to produce.  We received timely

17   objections.  Sometime thereafter we get a document called

18   a privilege log not in compliance with the local rules.

19   After conferral and opening brief by us on the motion to

20   compel, do we see the agency declaration.

21        THE COURT:  I understand that problem.  I'm well

22   aware of the difficulties the government's procedure has

23   called to the plaintiff and to the court.  But so I don't

24   mean to suggest I'm overlooking that.  I just I think I

25   have a fairly good grasp of that already.

1          MR. MARTINEZ:  If I can supplement my last

2     response a little bit.  Usually it is not only do we not

3     have a clue with whom they have been conferring, there's

4     actually at the time of those initial objections, we

5     don't have any indication in the objection who has made

6     the decision.  We only have the representation from

7     counsel.

8          THE COURT:  I understand.  The issue that

9     challenges the court is as in most things judicial,

10    there's a consideration argument, whatever you want to

11    call, on both sides.  I believe that the course of the

12    litigation and what I believe have been delays in

13    providing privilege logs or having them be adequate, I do

14    recall specifically in July directing the government to

15    hurry up and get another affidavit in to justify their

16    privilege or it would be found to not exist.  And the

17    last go-around in which the plaintiff suggested this

18    procedure of Judge Weinstein's in the footnote in their

19    reply, I think evidences very well what's wrong with the

20    current procedure that's being used.  On the other hand

21    the local rule does provide, I'm not sure anybody thought

22    it as broader than attorney/client but it clearly does

23    cover a claim of privilege.  It doesn't mean I can't

24    modify that.  It strikes me that the defendant is correct

25    in arguing that the privilege log of 26E of the local

1    rules addresses not just attorney/client but also law

2    enforcement and other privileges.  I'm troubled by the

3    fact that a privilege which only be asserted by a head of

4    an agency is, in effect, being asserted and sending a

5    plaintiff down a road by way of motion to compel and

6    arguing over documents, assuming there's a good privilege

7    log that's been created and turned over a timely fashion.

8    If I make assumption that will happen going forward, then

9    I'm still faced with the fact that the plaintiff may be

10   wasting their time in filings to the court and the

11   court's time reviewing those filings when, in fact, we

12   have a privilege that the person who gets to say whether

13   they have that privilege or not, not if they assert it

14   but does it exist, hasn't made that judgment.  However,

15   I'm not going to order what the plaintiff has requested.

16   I intend to order the following but I will hear from both

17   sides as to why what I'm doing is either unsatisfactory

18   or doesn't make sense in the context.  I'm ordering that

19   the federal defendants will respond to discovery when it

20   is due and will serve a privilege log that meets the

21   requirement of the local rule.  Failure to do so can be

22   the subject of a motion by the plaintiff for sanctions.

23   Assuming that part of my order is applied with, in other

24   words, when discovery is due, if any privilege is

25   asserted, it is addressed in that privilege log as

1    required, then the parties will meet and confer within

2    seven days of the log being produced.  And that if it

3    becomes clear at that meeting that the plaintiff has not

4    and this applies to any party in the litigation but based

5    upon what they understand now and with the log, they

6    won't press the privilege issue, they won't move to

7    compel, that's fine.  If they remain after the meet and

8    confer discovery disputes that cannot be resolved by

9    counsel, that the -- I'm talking about the plaintiff but

10   anyone who was supposed to be the recipient of discovery

11   that they didn't get that they think they are entitled

12   to, that they would demand of the producer of the

13   privilege log, if required under law, a declaration.  In

14   this case, the law enforcement privilege from the head of

15   the agency within 14 days of that meet and confer and

16   that any motion to compel that follows that.  In other

17   words, if the recipient of -- the requester of the

18   discovery who receives the declaration, still continues

19   to the believe that privilege is not appropriately

20   asserted or the documents should for any other reason be

21   produced under the balancing test or otherwise, then a

22   motion to compel would be filed within 14 days of that.

23   What results from this it strikes me is that we have a

24   delay of two weeks is beyond what I normally -- it is not

25   two weeks.  It is only a matter of probably less than a

1    week of what I would normally expect a motion to compel

2    to be filed within 30 days of responses.  I'm attempting

3    to accommodate the government's concern that I not occupy

4    the intention of the head of this agency unnecessarily

5    and unnecessarily burden him.  On the other hand, I'm

6    hoping to address the plaintiff's concern as they put it

7    I believe in their reply that Mr. El Badrawi seeks only

8    to have the fair opportunity to present the issues for

9    the court in a "deliberate, considered and reasonably

10   specific manner."  I believe what I propose can

11   accomplish that if people comply with it.  If they don't,

12   I would expect sanctions.  On the plaintiff's side, would

13   you comment or object or suggest any alternative?

14        MR. MARTINEZ:  This lines up pretty well with

15   what we would like to do.  This seems to be what the

16   government suggested in its opposition so if the

17   government has no objection to this, I think we are happy

18   to go along with this procedure.

19        THE COURT:  Attorney Levine.

20        MR. LEVINE:  We do not have any objection to

21   this procedure.  I wanted to clarify plaintiff's original

22   motion was with the law enforcement privilege and this

23   applies just to the law enforcement privilege.  I think

24   we can work with this, and this will be fine.

25        THE COURT:  Attorney/client privilege doesn't

1    require an affidavit from a client saying they are
2    asserting it and they have reasons to assert it so it
3    wouldn't apply to that.  I can't recall off of the top of
4    my head the other privileges that might be implicated in
5    this case and whether they require to establish the
6    privilege, an affidavit.  I would think any privileges
7    that requires an affidavit to establish it, would have to
8    come within my idea of this parameters of this procedure.
9    If it doesn't require it and later on you may want to
10   submit it in order to buttress your opposition, that's
11   fine.  You don't have to come forward with that early.
12   If it's required, then I would say yes, otherwise the
13   plaintiff is going to be going in circles again.  Just
14   going to be on a different privilege but I can't think of
15   other privileges right now.  I'm embarrassed not to be
16   able to.  That are like law enforcement that are likely
17   to come up in this case where the case law has developed
18   that the agency had actually has to be involved in given
19   affidavit that meets certain criteria.
20        MR. WISHNIE:  Judge, it's Mike Wishnie.  The
21   other one that comes to mind based on the document
22   labeled privilege log such that the defendants have
23   produced are the classified information privilege, that
24   may be a variation of the law enforcement privilege and
25   deliberative process.

1    THE COURT:  Deliberative process I do recall.  I

2 think when I looked at the last time, I thought

3 classified information seemed to fall into some other

4 category as well as maybe that one.  If it required the

5 affidavit, that's fine.  You need it.  If the

6 deliberative process requires under the case law an

7 affidavit like the law enforcement, I don't see any

8 reason not to apply this procedure to that as well,

9 Attorney Levine.

10    MR. LEVINE:  Yes, your Honor.  Deliberative

11 process I agree.  The one thing that just may come up is

12 plaintiff's have made recent request for classified

13 information.  I don't want to go ahead of ourselves here

14 but if they do file a motion to compel, the government

15 may need to assert a state privilege certification.

16 That's something we need more than 14 days. There is a

17 significant process to go through that.  I would put that

18 on the Court's radar.  If that happens, we have an

19 opportunity to seek leave.

20    THE COURT:  I think you can seek leave on that.

21 You should meet and confer first and promptly to see if

22 something can be resolved.  If you can ask for more time,

23 you can be very specific what you need to do in order to

24 meet that burden and while it will take as long as it

25 will take, it may involve more than one agency head.  I

1      don't know I would want the meet and confer to have

2      occurred so you will know exactly what you have to do.

3      You won't be saying it is hard to go ahold of people or

4      something like that.

5              MR. WISHNIE:  In that regard, your Honor, Mike

6      Wishnie.  I think this is our last issue on this one is

7      just to get the schedule straight.  There was a set of

8      discovery demands we served in late September.

9              THE COURT:  I will move to that in a minute.

10             MR. WISHNIE:  This is a different one, your

11     Honor.  The government served them late September.  The

12     30 days was within the discovery period.  The government

13     served a timely objection raising some of these seven

14     days with the seven day conferral that you just outlined.

15             THE COURT:  I would think we would.  Have you

16     met and conferred on those yet?

17             MS. METCALF:  We have started to.  We have begun

18     the conferral process.

19             THE COURT:  My suggestion would be to start the

20     clock tomorrow and count the seven days tomorrow being

21     day one.  You complete the process in seven days as to

22     those and proceed accordingly with the rest of the time

23     table I outlined.  Any objection to that?

24             MR. LEVINE:  No.

25             THE COURT:  That leaves me the last question I

1       believe that I'm aware of that's pending in front of me

2       that I can address is this issue of the deadline.  I

3       guess let me get the actual motion in front of me.

4       That's the opposition.  Docket number 226 Plaintiff's

5       Motion to Alter the U. S.'s Discovery Response Time.  I

6       have a couple of questions.  And again I'm in no

7       particular order so I may be bouncing back and forth.

8       The plaintiff argues that this doesn't require good

9       cause.  Although suggests it can meet good cause.  Argues

10      that it doesn't need to meet good cause but and that's

11      because you want me to focus on what's your primary

12      request for relief and that's to shorten the time for the

13      defendant's discovery, correct?

14             MR. MARTINEZ:  That's right.  Yes, your Honor.

15      That's our original request.  I think there's the same

16      request.  We wanted to get inside the discovery period

17      that we think ended November 2.

18             THE COURT:  Attorney Levine, you correctly cite

19      to Rule 16 which provides that any deadline I enter in

20      the case under Rule 16 which clearly the discovery

21      deadline is such a deadline, does require good cause.  I

22      would agree with you but that doesn't address the relief

23      the plaintiff asked for which is to, in effect, shorten

24      your time which under the various rules, the request to

25      admit rule, the interrogatory rule, the document

1     production rule, they all I believe usually in subpart B

2     have a provision that the court can on order shorten or

3     lengthen the time.  I don't believe that those -- I don't

4     believe you have given me any cases that suggest those

5     particular rules when it concerns a particular discovery

6     like Rule 34 on documents subpart B2A.  It says that I

7     may order shorter or longer.  Now obviously we're usually

8     faced with requests for longer time.  This is an unusual

9     situation.  I understand the plaintiff's motion to, in

10    effect, ask me to shorten your time thus bringing it to

11    the last day of discovery thus in compliance with my Rule

12    16 deadline and therefore, proper.  And I guess I would

13    ask if you think and if so, what's your basis for arguing

14    that good cause would apply to the judge's consideration

15    of such an order to shorten the time.

16                MR. LEVINE:  I think in this particular case

17    with the discovery not being able to be completed prior

18    to the deadline, at the time it was served, this

19    discovery was in effect void.  They didn't come to you

20    before this was served.  After this was served, this

21    discovery was effectively void because it could not be

22    completed within the deadline.  It is our position that

23    they have to extend the deadline in order to make the

24    discovery valid.  That it would be unfair to allow them

25    to shorten the discovery deadline when good cause would

1    be the standard to require to extend it.  That this would

2    be an end-around the good cause requirement.

3          THE COURT:  Maybe they should have asked me

4    ahead of time but let's say it was eight months ago and

5    they served discovery on you, then because they had a

6    deposition coming up or something else was happening in

7    the case, they came in and asked for me to shorten the

8    time because they needed what they asked of you sooner

9    than the 30 plus three days.  Do you think you would be

10   without power to alter that?

11         MR. LEVINE:  I think you would be within your

12   power to alter that.  I think that would be a different

13   situation without the end of the discovery deadline

14   coming up.  That wouldn't in any way affect the

15   scheduling order.  If it was in the middle of the

16   discovery period and the deposition was coming up, that

17   doesn't affect any court-ordered discovery deadlines.

18         THE COURT:  The fact you received these by

19   e-mail on the first of October, correct?

20         MR. LEVINE:  That's correct.

21         THE COURT:  You received them after asking the

22   plaintiff's counsel to send things to you by e-mail,

23   correct?

24         MR. LEVINE:  Right.  We asked them to stop

25   sending us via postal mail and instead e-mail would be

1    our preference.

2            THE COURT:  And one of your reasons was because

3    of the delay of because of your radiation requirements at

4    Justice I'm sure and therefore, you weren't getting them

5    within three days.  You probably weren't getting them for

6    a couple of weeks, right?

7            MR. LEVINE:  Right.

8            THE COURT:  You didn't want to be at a loss or

9    suffering a harm because of security measures at Justice.

10   You would end up with 14 days to respond to discovery

11   instead of 30 that you are entitled to, right?

12           MR. LEVINE:  Right.

13           THE COURT:  The other reason you cited, though,

14   I don't know, maybe it was just in jest, you do say you

15   would like to save a few trees, right?

16           MR. LEVINE:  I believe I mentioned that, yes,

17   your Honor.

18           THE COURT:  That was I think very green of you.

19   So and if I understand correctly, you folks were all in

20   the same room on the second of October when, in fact, you

21   served discovery on the plaintiff.  Is that right?

22           MR. LEVINE:  Right.

23           THE COURT:  In hand?

24           MR. LEVINE:  Yes.

25           THE COURT:  Thus satisfying the 30 days within

1    my deadline for discovery, right?

2             MR. LEVINE:  Right.

3             THE COURT:  And the plaintiff presumably could

4    have served you with the paper copy that day even though

5    they e-mailed you, they could have out of courtesy, if

6    they had known of your position, served you on the second

7    and you would have been just like them, required to reply

8    without my being involved, right?

9             MR. LEVINE:  Correct.

10            THE COURT:  Is there a particular reason you

11   didn't tell the plaintiff why that you didn't think his

12   discovery was a valid discovery on the second of October?

13            MR. LEVINE:  No, your Honor.

14            THE COURT:  Does anybody have anything further

15   they want to say on this?

16            MR. MARTINEZ:  No.

17            THE COURT:  Well, as I say in my discussion with

18   counsel, the government is correct that the plaintiff

19   does need good cause under Rule 16 because the 10-31

20   deadline is a Rule 16 deadline.  However, the plaintiff's

21   motion asks me, in effect, to suspend the rule.  In other

22   words, the 30 day time period plus the three days and to

23   shorten it effectively on the grounds that it is not

24   really shortened that the defendant got these on the

25   first day.  They didn't lose time for electronic service.

1    They were doing what the defendant asked them to do.

2            Now, you both cited I think to Rule 6, the

3    notes, and maybe 5.  I'm not sure.  I think 5 as well.

4    And clearly my recollection of when this rule was

5    adopted, the additional three days was meant in my

6    opinion as an enticement to get people to sign up for

7    electronic filing that they otherwise might not if they

8    were going to loss their extra three days.  Be that as it

9    may, the situation I'm faced with is a party who

10   requested a certain form of service acknowledges and I

11   appreciate the frankness of counsel that he received it

12   on that day.  And that's what the plaintiff did, even

13   though it could have served in hand to counsel which I

14   assume the plaintiff would assume was inconvenient

15   because it would mean that counsel would have to carry

16   all the those papers back to Washington, if I'm correct.

17   The deposition was not in Washington, was it, on the 2nd

18   of October?

19           MR. LEVINE:  It was in Washington.

20           THE COURT:  Maybe they didn't want to carry them

21   to Washington for you assuming you had gotten them as you

22   did on the 1st of October.  The defendant argues that the

23   plaintiff wasn't diligent.  There's a rule and counsel

24   for the plaintiff should know that rule and the defendant

25   is correct in that respect.  On the other hand, I'm here

1     to hopefully eventually to serve justice and to

2     effectuate Rule 1.  It strikes me that the objection by

3     the defendant to complying with the discovery on the

4     grounds he didn't have the three days for the electronic

5     service is form over substance.  I could under all the

6     various rules like 32B I just cited, I believe grant the

7     plaintiff's motion, shorten the time to 27 days plus the

8     three, would mean it would be required to be answered on

9     the last day of discovery.  I wouldn't have to have the

10    plaintiff show good cause but that seems a little silly

11    to me.  I think that the defendant's argument about the

12    good cause requirement is a little bit overstated.  Yes,

13    I think good cause is required but I also think that the

14    Second Circuit's decision in Casner also talks about Rule

15    16 allowing modifications and for the court to exercise

16    its discretion to ensure that limits on time to amend

17    pleadings do not result in prejudice or hardship to

18    either side.

19         It is my conclusion that whether I do it by

20    shortening the defendant's time to 27 days, adding the

21    three and giving the defendant effectively 30 days, all

22    of which I can do without any showing of good cause and

23    will accomplish what the plaintiff wants, actually works

24    in my view, a hardship to the defendant who has been

25    counting on having 33 days on this discovery I'm sure as

1    it did on all the other discovery.  To effectively get

2    around this vehement argument about good faith, causing

3    harm to this defendant.  In my opinion, there's a good

4    faith basis to grant the extension of three days of the

5    rule 16 deadline for discovery for this purpose solely.

6    I have no reason to believe that it was other than

7    oversight on the plaintiff's counsel's part.  That

8    oversight was driven I think in very large measure by the

9    fact that the defendant counsel requested this form of

10   service.  Although the defense counsel had no obligation

11   to advise the plaintiff's counsel on the second that it

12   was something that the plaintiff could have resolved

13   effectively shortening defendant's response time by two

14   days, had counsel been aware on the 2nd of October that

15   the defendant's view that this was ineffective service.

16   I think the combination of the failure to communicate

17   what's been otherwise the plaintiff's diligent effort to

18   move the case forward, the fact that the defendants

19   themselves have served discovery requests on exactly the

20   same time table except it was in hand and that unlike

21   some of the cases cited by defense counsel, where a judge

22   will deny the extension of the discovery because it is a

23   third request and the plaintiff hasn't been diligent,

24   exactly the opposite is true here.  The additional three

25   days for the limited purpose is not excessive and I

1    believe will accomplish a more fair resolution of the

2    matter and it provides the defendant, in other words, it

3    doesn't prejudice them.  It provides them what they would

4    have have expected to have had but for this deadline of

5    October 31 and the oddity of their request for electronic

6    service and the three day rule in Rule 5 I think it is.

7           So the court grants the alternative request in

8    the motion of the plaintiff to extend the discovery

9    period three days for this limited purpose only.

10          MR. LEVINE:  This is Brant Levine for the United

11   States.  When we discussed this at the last hearing on

12   the telephone on October 20, you had indicated that with

13   your ruling we would have at least a week to respond to

14   that.  So I would request, your Honor, if we could have a

15   week from tomorrow to submit our responses to that.

16          THE COURT:  To the discovery you mean?

17          MR. LEVINE:  Right.

18          THE COURT:  Any objection by the plaintiff.

19          MR. MARTINEZ:  Yes, your Honor.  We don't think

20   that's correct.  I think that you said you may not like

21   what you ask for because consider the possibility.  You

22   said if I granted it, you would be faced with complying

23   with the production attached to the motion within, you

24   know, a shorter period of time.  The seven days that

25   Mr. Levine is referring to is a hypothetical in which you

1    granted the motion on the 27th.  Mr. Levine in response

2    to that said we understand if you grant their ruling

3    we'll be required to produce discovery on that date.

4              THE COURT:  That sounds familiar, Attorney

5    Levine.

6              MR. LEVINE:  Yes, your Honor.

7              What you said that if I asked for seven days to

8    respond to their motion and you said, quote, if I granted

9    it, you would be faced on the 27th of October with

10   complying with the production attached to that motion

11   with I think it would be a week and a day.  Your Honor,

12   breaking off here, instead of waiting seven days to file

13   our response, we waited three days.  We filed that within

14   three days.  We did file our opposition on October 23.

15   We're finding out today that you are granting their

16   motion.  We were under the impression before that we

17   would have at least a week and a day.

18             THE COURT:  I don't think that's what I said but

19   I will give you a week.  However, I'm not -- I'm going by

20   the new federal rules counting, not the old federal rules

21   counting, so when I say a week I mean next Thursday.

22             MR. LEVINE:  Thank you, your Honor.

23             THE COURT:  Anything further?

24             MR. LEVINE:  I wanted to bring up since you

25   mentioned about communications just again to put on your

1    radar, plaintiff's motion to alter the discovery

2    deadline, he mentioned he served his final discovery

3    request on October one.  I want to make you aware that on

4    October 28, plaintiff served three new sets on us.  We

5    believe that's outside the time frame.  I know that's not

6    before you today but we will be objecting to that.

7         THE COURT:  I think you should raise it.

8    Attorney Wishnie.

9         MR. MULLKOFF:  This is Daniel Mullkoff.  The

10   discovery requests that were propounded on that date were

11   based on information that had only come to light at the

12   deposition of Gregory Manack and based on documents that

13   you had compelled production of which they produced on

14   that date.

15        THE COURT:  Did I say you can serve that

16   discovery late or did you need to ask me for permission

17   to do so?  I don't remember.  That's not a loaded

18   question, Mr. Mullkoff.

19        MR. MULLKOFF:  The specific question did not

20   come up.

21        MR. WISHNIE:  Mike Wishnie.  That is to say no,

22   you did not grant leave.  We did not.

23        THE COURT:  I think -- I don't know what I said.

24   I shouldn't say this.  I think my normal reaction would

25   be if something new comes up, then make a motion to

1    extend based on that and show me that it was new and you

2    couldn't have known it sooner so I think you need to do

3    that.  And therefore, I don't think that the defendant

4    needs to reply or make an objection to it.  I don't want

5    to wait 30 days to have them do that.  I would rather

6    have you make your motion to extend.

7         MR. MULLKOFF:  We'll make that motion, your

8    Honor.

9         THE COURT:  Is there anything further?

10        MR. MARTIN:  This is Maura Murphy-Osborne with

11   the State.  I still have not received the medical

12   documents that the plaintiff indicated sometime ago that

13   they were agreeing to produce to me at the deposition on

14   Friday at the close of discovery in the case.  They

15   indicated that they had them but they were processing

16   them.  So I just, you know, my deadline for filing

17   summary judgment in the case is the end of November and I

18   still don't have probably the most relevant medical

19   documents.  I may be required to ask my expert to file a

20   supplement report once he has an opportunity to look over

21   those documents so I have that concern.

22        MR. POELLOT:  Steve Poellot for the plaintiff.

23   We're producing the documents as soon as possible.  We

24   expect to get them to Attorney Murphy-Osborn shortly.

25        THE COURT:  What does shortly mean?  I really

1       don't think we want to be in a situation of supplemental

2       disclosures.  They are all a recipe for disaster.  It

3       becomes an argument was it based on the new material or

4       was it based on they opened the door and driving a truck

5       through.

6               MS. METCALF:  Mike Wishnie.  We're producing

7       these tomorrow.  So there's no misunderstanding here, all

8       along we advised the counsel that we served a subpoena on

9       the hospital.  We shared all the correspondence we had

10      when we produced.  We said we would review them with our

11      client as soon as we got them.  Our client has been away

12      as I think everyone knows from his home.  As soon as we

13      received them from the hospital, shared them with our

14      client, we have only just heard back from him which is

15      why we are now authorized to produce them tomorrow.  The

16      delay has been only consistent with what we have always

17      said we would do.

18              MS. MURPHY-OSBORNE: That's the first I have

19      heard of any of that so.

20              MR. WISHNIE:  I don't think that's accurate.

21              MS. MURPHY-OSBORNE:  That's the first I heard of

22      the fact that your client was away.

23              MR. WISHNIE:  We had a conversation about the

24      deposition, his travel schedule and so forth.  We have

25      received the documents from the hospital.  We have shared

 1    them with the client.  We have heard back from them now.

 2    We'll produce them tomorrow.

 3             THE COURT:  I think that takes care of that

 4    issue.  Is there anything else?  Thank you all for being

 5    available.

 6             (Whereupon, the above proceeding adjourned at

 7    3:54 p.m.)

 8

 9    COURT REPORTER'S TRANSCRIPT CERTIFICATE

10    I hereby certify that the within and foregoing is a true

11    and correct transcript taken from the proceedings in the

12    above-entitled matter.

13

14    /s/  Terri Fidanza

15    Terri Fidanza, RPR

16    Official Court Reporter

17

18    DATE_____

19

20

21

22

23

24

25