# STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# EXHIBIT 25

(g) Please refer to Plaintiff's response to interrogatory 3(a).

(h) Please refer to Plaintiff's response to interrogatory 3(a).

(i) All of the individuals identified in Plaintiff's response to interrogatory 2(b) may have personal knowledge relating to this contention.

(j) See documents labeled SD00026-38 and SD000090-214.

**INTERROGATORY 5:** In paragraph 83 of the complaint, you state: "[you] made several requests for an adjustment to [your] meal schedule to accommodate [your] religious observance, including to the Muslim chaplain and to at least two different correctional officers."

(a) State the date, time, and location when you first made a request for an adjustment of your meal schedule to accommodate your religious observance.

(b) State the full or partial names, if known, of the correction officers to whom you made a request for an adjustment to your meal schedule to accommodate your religious observance.

(c) If you did not provide the full or partial names of correction officers in response to paragraph (b) above, provide a physical description of the correction officers including but not limited to the gender, rank, race, ethnicity, hair color, eye color, skin color, approximate weight, approximate height, approximate age, accent, country of origin and any distinguishing features, including but not limited to, eye glasses, birth marks, scars, moles or tattoos.

(d) State the number of requests that are indicated by your use of the phrase "several requests," if a precise number is not known, provide an estimated range.

(e) For each request identified in paragraph (d) above, state the actual or approximate date, time and location of the request, the words you used to make the request and the person to whom you made that request.

(f) For each request identified in paragraph (d) above, state whether the request was made in verbal or written form.

(g) For each person identified in paragraphs (b), (c) and or (e) above, state that person's verbal or written response to you about your request for an adjustment to your meal schedule to accommodate your religious observance.

(h) Identify each person who was present when you made a request for an adjustment of your meal schedule to accommodate your religious observance.

(i) State the full or partial name(s), if known, of the Muslim chaplain(s) to whom you made a request for an adjustment to your meal schedule to accommodate your religious observance.

(j) If you did not provide the name(s) of the Muslim chaplain(s) in response to paragraph (i) above, provide a physical description of the Muslim Chaplain(s) including but not limited to the gender, race, ethnicity, hair color, eye color, skin color, approximate weight, approximate height, approximate age, accent, country of origin and any distinguishing features, including but not limited to, eye glasses, birth marks, scars, moles or tattoos.

(k) State the actual or approximate date, time and location when you made a request for an adjustment to your meal schedule to accommodate your religious observance to a Muslim chaplain and the words you used to make the request.

13

(l) State the actual or approximate number of times you met in person with or had direct in person access to a member of HCC religious services staff, including but not limited to, a Muslim chaplain, Defendant Pitts, or any other chaplain or clergy, during your confinement at HCC.

(m) Supply all documentation in support of your response to this Interrogatory.

**OBJECTIONS:** Plaintiff incorporates each of the General Objections by reference herein. Plaintiff objects that this Interrogatory is compound, duplicative, overbroad, unduly burdensome and consists of multiple discrete subparts. Plaintiff objects to the extent that this Interrogatory seeks work product material and information protected by the attorney-client privilege. As noted in General Objection Number 3, Plaintiff further objects that State Defendants' Second Set of Interrogatories far exceed the twenty-five questions permitted by the Federal Rules of Civil Procedure and the Rule 26(f) Report. Subject to, and without waiving the foregoing objections, Plaintiff responds as follows.

**ANSWER:**

(a) Mr. El Badrawi made his first request about a religious accommodation to fast for Ramadan within the first two days of his arrest, although the exact date and time are not known.

(b) Mr. El Badrawi does not know the names of the correction officers to whom he spoke.

(c) (i) Mr. Badrawi spoke to the prison counselor assigned to his section of HCC, a white male who appeared to be in his 30s.

(ii) Mr. El Badrawi spoke to an African-American female correction officer who appeared to be in her mid-30s.

14

3

(iii)   Mr. El Badrawi spoke to a white male correction officer with blonde hair. This correction officer did not work in Mr. El Badrawi's section and had a reputation of being helpful.

(iv)   Mr. El Badrawi spoke to the Muslim chaplain, a Turkish male with a noticeable accent. He was thin, about 5'7" tall, and possibly had a small moustache.

(d)   Mr. El Badrawi made at least four requests.

(e)   (i)   Mr. El Badrawi asked the correction officer identified in the answer to interrogatory 5(c)(i) if his meal schedule could be changed so that he could fast and observe Ramadan. The exact time, date and words used are unknown.

(ii)   Mr. El Badrawi asked the correction officer identified in 5(c)(ii) if his meal schedule could be changed so that he could fast and observe Ramadan. The exact time, date and words used are unknown.

(iii)   Mr. El Badrawi asked the correction officer identified in 5(c)(iii) if his meal schedule could be changed so that he could fast and observe Ramadan. The exact time, date and words used are unknown.

(iv)   Mr. El Badrawi asked to see the Muslim Chaplain so that his meal schedule could be changed so that he could fast and observe Ramadan. The exact time, date and words used are unknown, although he made the request approximately two weeks after his arrest. The meeting with the Muslim Chaplain was not granted until after Ramadan ended, but Mr. El Badrawi nonetheless asked the Muslim Chaplain why he had not been allowed to change his meal schedule so that he could fast and observe Ramadan.

15

(f)     (i) Mr. El Badrawi asked verbally.

        (ii) Mr. El Badrawi asked verbally.

        (iii) Mr. El Badrawi asked verbally.

        (iv) Mr. El Badrawi does not recall if the initial request to see a Muslim chaplain was verbal or written.

(g)     (i) The correction officer identified in 5(c)(i) replied that he could not assist Mr. El Badrawi due to HCC policy.

        (ii) The correction officer identified in 5(c)(ii) replied that she was unable to assist Mr. El Badrawi due to HCC policy.

        (iii) The correction officer identified in 5(c)(iii) replied that he was unable to assist Mr. El Badrawi due to HCC policy. He told Mr. El Badrawi that he had to "start at the top."

        (iv) The meeting with the Muslim Chaplain was not granted until after Ramadan ended. The Muslim Chaplain told Mr. El Badrawi that he could not have been added to the Ramadan list due to HCC policy.

(h)     (i)-(iv) The individuals identified in answers to interrogatories 5(b) and 5(c) were present.

(i)      Mr. El Badrawi does not know the name of the Muslim chaplain.

(j)      The Muslim Chaplain was a Turkish male with a noticeable accent. He was thin, about 5'7" tall, and possibly had a small moustache.

(k)     Mr. El Badrawi does not recall the exact date, time or location of the request, although it was some time after the end of Ramadan. Ramadan had already

16

5

prescribed meal times; whether you informed any of the correction officers or prison officials on duty in the location(s) where you ate your meals at prescribed meal times, that you wanted an adjustment of your meal schedule to accommodate your religious observance; whether meals were ever served after sundown or before sunrise; whether you were able to bring food from the location where you ate meals during prescribed meal times to your housing unit; whether you purchased food from the commissary while you were confined at HCC; the identity of any inmates who provided you with food during your first two weeks of detention at HCC; whether you discussed your request for an adjustment to your meal schedule to accommodate your religious observance with a person(s) outside of HCC during the first week of your detention and if so which persons.

**OBJECTIONS:** Plaintiff incorporates each of the General Objections by reference herein. Plaintiff objects that this Interrogatory is compound, overbroad, unduly burdensome and consists of multiple discrete subparts. Plaintiff objects to this interrogatory as it seeks to ask more than the twenty-five questions permitted by the Federal Rules of Civil Procedure and stipulated to by the parties. Subject to, and without waiving the foregoing objections, Plaintiff responds as follows.

**ANSWER:** As reflected in Plaintiff's Response to Interrogatory 5 of State Defendants Second Set of Interrogatories, Plaintiff made several requests to various correctional officers for religious accommodations. Mr. El Badrawi does not recall if one of those requests was a written request. Without medication to treat his Crohn's disease and without meal accommodations, Mr. El Badrawi had no choice but to break his fast during approximately the first week of his detention, until he finally received medication and recovered sufficiently to fast. During that initial period, Mr. El Badrawi attended regular meals. Upon resuming his fast, Mr. El Badrawi

fasted privately and did not attend most regular meals at the dining hall. Mr. El Badrawi did attend the dinner meal at HCC because it occurred after sunset. He was not permitted to save food from regular meals, but other inmates occasionally brought him food. Mr. El Badrawi does not remember the names of theses inmates. Mr. El Badrawi did discuss his request for religious accommodations with several HCC employees, identified in Plaintiff's Response to Interrogatory 5 of State Defendants Second Set of Interrogatories, as well as his attorney, William Anastasi, but he did not have the opportunity to discuss his problem with anyone else outside HCC during that time.

6. State the facts pertaining to your housing assignment at HCC during the first week of your detention at HCC, including, but not limited to, the unit where you were housed; the full or partial names of any of the correction officers or inmates, if known, who were assigned to that unit during the first week of your detention.

**OBJECTIONS:** Plaintiff incorporates each of the General Objections by reference herein. Plaintiff objects that this Interrogatory is compound and consists of multiple discrete subparts. Plaintiff objects to this interrogatory as it seeks to ask more than the twenty-five questions permitted by the Federal Rules of Civil Procedure and stipulated to by the parties. Subject to, and without waiving the foregoing objections, Plaintiff responds as follows.

**ANSWER:** Mr. El Badrawi was assigned to Dorm 3-96. He does not recall the names of any of the correction officers or inmates.

7. Describe episodes of severe pain lasting over one-half hour that you have experienced as a result of Crohn's disease during the period of January 1, 2000 to December 22,

2004, including but not limited to the duration of these episodes of severe pain, the physical effect the pain had on you and how the severe pain affected your ability to eat or fast.

**OBJECTIONS:** Plaintiff incorporates each of the General Objections by reference herein. In particular, this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to the request for medical information before January 1, 2003 as irrelevant. Plaintiff also objects to this interrogatory as it seeks to ask more than the twenty-five questions permitted by the Federal Rules of Civil Procedure and stipulated to by the parties. Subject to, and without waiving the foregoing objections, Plaintiff responds as follows.

**ANSWER:** From January 1, 2003 until his arrest on October 28, 2004, Mr. El Badrawi regularly took Asacol for his condition of Crohn's disease. He was relatively symptom-free during that period and did not suffer any periods of intense pain lasting more than one-half hour. Upon his arrest, Mr. El Badrawi did not receive his necessary medicine for approximately seven days. During that time, he suffered frequent bouts of intense pain. He does not recall the specifics of each instance, but he does recall that the pain prevented him from sleeping for an entire night and occurred periodically throughout that week. Until he received his medicine and recovered sufficiently, Mr. El Badrawi was not able to observe Ramadan.

8. State the country where you were born, your native language, the denomination, branch, and/or sect of Islam that you currently observe or have observed in the past.

**OBJECTIONS:** Plaintiff incorporates each of the General Objections by reference herein. In particular, this request is compound and seeks irrelevant information that is not

seeks to ask more than the twenty-five questions permitted by the Federal Rules of Civil Procedure and stipulated to by the parties. Subject to, and without waiving the foregoing objections, Plaintiff responds as follows.

**ANSWER:** During Ramadan at HCC, Mr. El Badrawi fasted privately, with the occasional assistance of other inmates who brought him food. Mr. El Badrawi does not remember the names of these inmates. His fasting sometimes had to be suspended due to the pain and suffering caused by HCC's failure to provide Mr. El Badrawi with medication for most of his first week of incarceration. After he sufficiently recovered from the complications of his Crohn's disease, Mr. El Badrawi's medication did not hinder or affect his religious practices thereafter. Additionally, he attended some of the Friday prayers or Jumah, led by the Muslim Chaplain, a Turkish male with a noticeable accent, thin build, about 5'7" tall, and possibly a small moustache. He also may have attended a meeting for the Muslim congregation, although he does not remember the date or time. Mr. El Badrawi's only one-on-one conversation with the Muslim Chaplain took place after Ramadan when they discussed Mr. El Badrawi's failure to be added to the Ramadan list. Mr. El Badrawi would ask correction officers about the Muslim services and meetings because the corrections officers would rarely announce them to the inmates. Mr. El Badrawi does not recall the Muslim Chaplin making any tours of his housing unit. Mr. El Badrawi received a copy of the Qur'an from the Muslim Chaplain later in his incarceration. Mr. El Badrawi does not recall whether there was a chaplain at his HCC orientation who discussed religious issues.

Interrogatory seeks work product material and information protected by the attorney-client privilege. Plaintiff objects to this interrogatory as it seeks to ask more than the twenty-five questions permitted by the Federal Rules of Civil Procedure and stipulated to by the parties. Subject to, and without waiving the foregoing objections, Plaintiff responds as follows.

**ANSWER:**

(a) Mr. El Badrawi's first request about a religious accommodation to fast for Ramadan was rejected within the first two days of his arrest, although the exact date and time are not known.

(b) Mr. El Badrawi does not know the names of the prison officials who rejected his request.

(c) (i) Please refer to Plaintiff's response to interrogatory 5(c)(i)..

  (ii) Please refer to Plaintiff's response to interrogatory 5(c)(ii).

  (iii) Please refer to Plaintiff's response to interrogatory 5(c)(iii).

  (iv) Please refer to Plaintiff's response to interrogatory 5(c)(iv).

(d) HCC officials rejected Mr. El Badrawi's requests for accommodations to observe Ramadan at least four times.

(e) (i) Please refer to Plaintiff's response to interrogatory 5(g)(i).

  (ii) Please refer to Plaintiff's response to interrogatory 5(g)(ii).

  (iii) Please refer to Plaintiff's response to interrogatory 5(g)(iii).

  (iv) Please refer to Plaintiff's response to interrogatory 5(g)(iv).

(f) All rejections were verbal.

(g) Mr. El Badrawi does not recall if his request to see the Muslim Chaplain and request to observe Ramadan, which occurred after receiving the rejections noted

19

above in response to interrogatories 6(e)(i) –(iii), was written or verbal. He did not file any other written inmate grievance about religious accommodation after speaking to the Muslim Chaplain.

(h) Mr. El Badrawi not aware of any persons present other than those noted in response to interrogatories 6(b) and 6(c).

(i) Mr. El Badrawi is only aware of the persons noted in response to interrogatories 6(b) and 6(c) having personal knowledge of the rejections.

(j) Mr. El Badrawi possesses no responsive, non-privileged documents.

**INTERROGATORY 7**: In paragraph 85 of the complaint, you state: "The prison officials stated that since [you] had arrived at the facility midway through the month of Ramadan, [you] could not be added to the special rolls accommodating the separate meal schedule."

(a) State the date, time, and location that you were first told by a prison official that because you "had arrived at the facility midway through the month of Ramadan, [you] could not be added to the special rolls accommodating the separate meal schedule."

(b) State the full or partial names, if known, of the prison official(s) who told you that because you "had arrived at the facility midway through the month of Ramadan, [you] could not be added to the special rolls accommodating the separate meal schedule."

(c) If you did not provide the full or partial names of a prison official in response to paragraph (b) above, provide a physical description of the prison official, including but not limited to, the gender, rank, race, ethnicity, hair color, eye color,

20